IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DEEPTI OKA,

        Plaintiff,

    vs.

NCO FINANCIAL SYSTEMS, INC.

        Defendant.

Case No. 310CV351(CFD)

March 9, 2010

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, come defendant, NCO Financial Systems, Inc. (NCO), which hereby removes from the Superior Court, J.D. of New London, State of Connecticut, the following described lawsuit, and respectfully states as follows:

1.    NCO is the only defendant in the civil action filed by plaintiff, Deepti Oka, in the Superior Court, J.D. of New London, State of Connecticut, captioned as *Deepti Oka v. NCO Financial Systems, Inc.*, Case No. "None Specified" (hereinafter the "State Court Action").

2.    Pursuant to 28 U.S.C. §§ 1441 and 1446, NCO removes the State Court Action to this Court, which is the federal judicial district in which the State Court Action is pending.

1

3.      The complaint in the State Court Action (hereinafter the "State Court Action Complaint") asserts claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et. seq.,* as well as state law claims.

4.      Removal of the State Court Action is proper under 28 U.S.C. § 1441.  If the action had originally been brought in this Court, this Court would have original, federal question jurisdiction over plaintiff's FDCPA claims per 28 U.S.C. § 1331, 15 U.S.C. § 1681p and 15 U.S.C. §.1692k and supplemental jurisdiction over the state law claims.

5.      Pursuant to 28 U.S.C. § 1446(b), NCO has timely filed this Notice of Removal.  Plaintiff's Complaint was served on February 8, 2010.  This Notice of Removal is filed within 30 days of receipt of the State Court Action Complaint by NCO and is, therefore, timely filed under 28 U.S.C. § 1446(b).

6.      Pursuant to 28 U.S.C. § 1446(a), NCO attaches to this Notice of Removal, and incorporates by reference, a copy of all state pleadings filed in the state court action.

WHEREFORE, NCO Financial Systems, Inc. removes the case styled *Deepti Oka v. NCO Financial Systems, Inc.*, Case No. "None Specified", from the Superior Court, J.D. of New London, State of Connecticut, on this ___ day of February, 2010.

THE DEFENDANT,
NCO FINANCIAL SYSTEMS, INC.

BY: _____

Walter A. Shalvoy, Jr., Esq. ct25132
MAHER & MURTHA, L.L.C.
528 Clinton Avenue
Bridgeport, CT 06605
Phone:        203-367-2700
Facsimile:    203-335-0589

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2010, a copy of the foregoing Notice of Removal was filed via hand delivery with the Court. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and via first-class mail, postage prepaid. Parties may access this filing through the Court's system.

Theresa Rose DeGray
Consumer Legal Services, LLC
29 Soundview Road, Suite 11B
Guilford, CT  06437

Walter Shalvoy, Jr., Esq.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JOHN BIONDO,
    Plaintiff,

    v.

KTM, NA, INC.,
    Defendant.

CIVIL ACTION NO.
3:07cv659 (SRU)

## RULING and ORDER

On April 25, 2007, the defendant, KTM, NA, Inc. ("KTM") removed this case from state court to federal court. On May 8, 2007, having independently reviewed the file, I issued an order to show cause why the action should not be remanded in light of the fact that the removal appeared to be untimely. On May 16, 2007, KTM filed a response to the order to show case. For the reasons that follow, KTM has failed to show good cause, and the case is remanded to state court.

The removal statute, 28 U.S.C. § 1446(b) provides, "The notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." Here, there is no dispute that "[t]he Summons and Complaint was served on the defendant on or about March 16, 2007." *See* Notice of Removal ¶ 2 (doc. #1). KTM removed the case more than 30 days after its receipt of a true copy of the complaint; thus, the removal is untimely.

In its response to my order to show cause, KTM cites *Michetti Pipe Stringing, Inc. v. Murphy Bros., Inc.*, 125 F.3d 1396 (11th Cir. 1997) (holding that the clock, for purposes of removal, starts to tick upon the defendant's receipt of a copy of the filed initial pleading), for the

proposition that the I should rely upon the state court return date as the starting point for calculating the 30-day period under the removal statute. That decision, which has been directly overruled by the Supreme Court, is inapposite. In *Michetti*, the plaintiff served the defendant with a draft complaint, not the actual complaint. The Court of Appeals held, in effect, that a draft complaint is not "a copy of the initial pleading setting forth the claim for relief," and as a result, service of a draft complaint would not start the 30-day clock for removal purposes. In this case, however, the plaintiff served a true copy of the complaint upon KTM, thereby serving the "initial pleading setting forth the claim for relief." Pursuant to section 1446(b), that act commenced the 30-day period for purposes of removal, and the time for removal was not affected by the return date.

Moreover, in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), the Supreme Court reversed the Eleventh Circuit's holding. The Supreme Court held that, "if the summons and complaint are served together, the 30-day period for removal runs at once." *Murphy Bros.*, 526 U.S. at 354. In contrast, "if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint." *Id.* In this case, the plaintiff served the summons and the complaint upon KTM at the same time, that is, March 16, 2007; thus, under the Supreme Court's decision in *Murphy Bros.*, the 30-day period for removal began to run "at once." *Id.* Because KTM did not remove the case until April 25, 2007, the removal is untimely.

KTM has failed to demonstrate good cause why the case should not be remanded.

-2-

Accordingly, the case is hereby remanded to state court.

It is so ordered.

Dated at Bridgeport, Connecticut, this 17th day of May 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

-3-

| **SUMMONS - CIVIL**<br>JD-CV-1 Rev. 10-09<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* | **See page 2 for instructions** |
|---|---|---|

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [X] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)*<br>(C.G.S. §§ 51-346, 51-350)<br>**70 Huntington Street, New London, CT 06437** | Telephone number of clerk *(with area code)*<br>( **860** ) **443-5363** | Return Date *(Must be a Tuesday)*<br>**March      9  , 2010**<br>Month        Day        Year |
|---|---|---|
| [X] Judicial District          G.A.<br>[ ] Housing Session      [ ] Number: | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349)<br>**New London** | Case type code *(See list on page 2)*<br>Major: **C**        Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>**Consumer Legal Services, LLC, 29 Soundview Road Suite 11B, Guilford, CT 06437** | Juris number *(to be entered by attorney only)*<br>**430221** |
|---|---|
| Telephone number *(with area code)*<br>( **203** ) **458-8200** | Signature of Plaintiff *(if self-represented)* |

| Number of Plaintiffs: **1** | Number of Defendants: **1** | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name: **Oka, Deepti**<br>Address: **8 Pond Edge Drive, Waterford, CT 06385-4139** | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name: **NCO Financial Systems**<br>Address: **507 Prudential Road, Horsham, PA 19044** | D-50 |
| **Additional Defendant** | Name:<br>Address: | D-51 |
| **Additional Defendant** | Name:<br>Address: | D-52 |
| **Additional Defendant** | Name:<br>Address: | D-53 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed *(Sign and "X" proper box)* | [X] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Name of Person Signing at Left<br>**Theresa Rose Nickols DeGray** | Date signed<br>**02/05/2010** |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**David Fry, 766 Totoket Road, Northford, CT 06472**

| Signed *(Official taking recognizance; "X" proper box)* | [X] Commissioner of the Superior Court<br>[ ] Assistant Clerk | Date<br>**02/05/2010** | Docket Number |
|---|---|---|---|

ATTEST: A TRUE COPY

JOSEPH MUSUMECI
CONNECTICUT MARSHAL
HARTFORD COUNTY

(Page 1 of 2)

RETURN DATE: MARCH 9, 2010       :       SUPERIOR COURT

OKA, DEEPTI       :       J. D. OF NEW LONDON

V.       :       AT NEW LONDON

NCO FINANCIAL SYSTEMS INC       :       FEBRUARY 5, 2010

## COMPLAINT

1.  The Plaintiff seeks relief pursuant to the Connecticut General Statutes (C.G.S. §36a-800 et seq., §36a-645 et seq. and §42-110a et seq.) (hereinafter referred to as the "C.G.S.") , and the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) (hereinafter referred to as the "FDCPA").

2.  The Court has jurisdiction pursuant to 15 U.S.C. §1692K and 28 U.S.C §§1331 and 1367.

3.  The Plaintiff is a "consumer debtor" and/or "consumer" as defined by the Connecticut General Statutes (C.G.S. §36a-800 et seq.) and/or the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), residing in Waterford, Connecticut.

4.  The Defendant has a business address of 507 Prudential Road, Horsham, PA 19044, and is a debt collector as defined by the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) .

5.  The Plaintiff received a dunning letter from the Defendant dated February 11, 2009, regarding an alleged debt owed by the Plaintiff to Capital One Services, a copy of which is attached hereto as Exhibit A.

6.  On March 11, 2009, at 10:35 A.M., the Defendant and/or the Defendant's agent, identifying himself as "Terrence" telephoned the Plaintiff from the phone number 877-652-4538, and requesting to speak to the Plaintiff regarding her alleged American Express balance. He stated that she owed about $26,000 and asked how she would like to take care of it.  He also said that the Plaintiff had committed a felony by writing a bad check, which they tried to deduct from her bank account, which she never authorized.  He

also said because of the bad check the Plaintiff was now a felon. The Defendant's agent told the Plaintiff she was being uncooperative and that is very upsetting to them and that they don't like that. The Plaintiff then told the Defendant's agent that she could not discuss it since she was at work and the Defendant's agent responded by questioning, "Would you rather discuss it right now with me or discuss it later with a judge?" He told the Plaintiff that they were getting ready to take her to court. He stated that American Express was doing poorly right now and is willing to do anything it takes to recover their debts. He stated that they will sue the Plaintiff if she did not cooperate. The Defendant's agent then concluded by saying "he would see the Plaintiff in court".

7.     Pursuant to statutory law, the Defendant has no legal authority to make such a recommendation or threat of legal action. (15 U.S.C. 1692e(2)(A), 5, 7 and 10.)

8.     Any and all of the Defendant's acts, or omissions to act, averred in this complaint are harassing, oppressive, unfair, deceptive and/or unconscionable.

9.     Any and all of the Defendant's acts, or omissions to act, averred in this complaint caused damage to the Plaintiff.

10.    Any and all of the Defendant's acts, or omissions to act, averred in this complaint, caused intentional infliction of emotional distress to the Plaintiff.

11.    Any and all of the Defendant's acts, or omissions to act, averred in this complaint, caused negligent infliction of emotional distress to the Plaintiff.

12.    The Defendant's acts, or omissions to act, violated the Connecticut General Statutes and/or the Fair Debt Collection Practices Act.

13.    As a result of its acts, or omissions to act, the Defendant is liable to the Plaintiff pursuant to Connecticut General Statutes and/or the Fair Debt Collection Practices Act.

WHEREFORE, the Plaintiff claims:

1. Money damages;
2. Statutory damages of up to $1,000.00;
3. Attorneys fees;
4. Such other relief as the Court may find in law or equity.

THE PLAINTIFF
Deepti Oka

By: _____
Attorney Theresa Rose DeGray
CONSUMER LEGAL SERVICES, LLC
29 Soundview Road, Suite 11B
Guilford, CT 06437
Tel: 203-458-8200
Fax: 203-738-1062
Juris No.: 430221

ATTEST:
A TRUE COPY

JOSEPH MUSUMECI
CONNECTICUT MARSHAL
HARTFORD COUNTY

RETURN DATE: MARCH 9, 2010          :          SUPERIOR COURT

OKA, DEEPTI                         :          J. D. OF NEW LONDON

V.                                  :          AT NEW LONDON

NCO FINANCIAL SYSTEMS               :          FEBRUARY 5, 2010

### STATEMENT RE: AMOUNT IN DEMAND

The Plaintiff in the above captioned matter claims an amount in excess of $2,500.00 against the Defendant.

THE PLAINTIFF
DEEPTI OKA

By: _____
Attorney Theresa Rose DeGray
CONSUMER LEGAL SERVICES, LLC
29 Soundview Road, Suite 11B
Guilford, CT 06437
Tel: 203-458-8200
Fax: 203-738-1062
Juris No.: 430221

ATTEST:
A TRUE COPY

JOSEPH MUSUMECI
CONNECTICUT MARSHAL
HARTFORD COUNTY

03/11/2009  13:44  8608624149          EXHIBIT A                    PAGE  04/05

PO BOX 15760
DEPT 07
WILMINGTON, DE 19850-5760

|||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||||

# NCO FINANCIAL SYSTEMS INC

507 Prudential Road, Horsham, PA 19044

1-877-652-4538
OFFICE HOURS:
8AM-9PM MON THRU THURSDAY
8AM-5PM FRIDAY
8AM-12PM SATURDAY
Feb 11, 2009

Calls to or from this company may be monitored
or recorded for quality assurance.

FM5882                        37
DEEPTI OKA
8 POND EDGE DR
WATERFORD CT  06385-4139

| Creditor | Creditor's Acct # | Regarding | Current Due |
|----------|-------------------|-----------|-------------|
| AMERICAN EXPRESS (US) | 372529917283002 | CTO703915128014usb | 21798.75 |

To date, our records indicate that you have not responded to our previous letter. Perhaps this is an oversight on your part. The balance on this account is due and payable in full. Please forward a check or money order.

You may also make payment by visiting us online at **www.ncofinancial.com**. Your **unique registration code** is **CFM58820-72XLLQ**. To receive future notices for the account(s) by e-mail, visit www.ncofinancial.com for details.

In addition, you may contact us at 1-877-652-4538 if you have any questions or if there are extenuating circumstances that are preventing you from paying this debt.

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  This is a communication from a debt collector.
        PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Current Balance Due |
|---------------|---------------------|
| FM5882 | $ 21798.75 |

DEEPTI OKA
Payment Amount  ⬇

$

Check here if your address or phone number has
changed and provide the new information below.

Make Payment To:

||..|||..|..|.|.|..|..|.|.|..|..|.|.||..|.||..|.|.|.|..|.|..|.||

NCO FINANCIAL SYSTEMS
PO BOX 15773
WILMINGTON DE 19850-5773

NCO N
37

010700FM58822000000070000000021798756